IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Raymond Thomas, #05447-050, | ) | C/A No.: 1:16-3928-RMG-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden of FCI-Edgefield, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Raymond Thomas ("Petitioner"), proceeding pro se, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate incarcerated at Federal Correctional Institution Phoenix.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion to dismiss/summary judgment. [ECF No. 16].[2] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [ECF No. 17]. Petitioner filed a response on April 18, 2017. [ECF No. 20].[3]

---

[1] At the time the petition was filed, Petitioner was incarcerated at the Federal Correctional Institution in Edgefield, South Carolina.
[2] Because the court has considered matters outside of the pleadings, the undersigned considers the motion as one for summary judgment. The *Roseboro* order issued to Petitioner contained an explanation of the summary judgment procedures.
[3] On March 20, 2017, Petitioner filed a motion seeking an entry of default against Respondent. [ECF No. 19]. Petitioner alleged Respondent was served with the § 2241 petition and had until March 16, 2017, to file a response, and Respondent failed to answer or otherwise defend against the petition. *Id.* A review of the court's docket reveals that Respondent filed a motion to dismiss/summary judgment on March 16, 2017. [ECF No.

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that the court grant Respondent's motion for summary judgment.

I.  Factual and Procedural Background

Petitioner states he was sentenced to 34 years on May 25, 1983, in the United States District Court, District of New Jersey after pleading guilty to assault with a dangerous weapon during the commission of a bank robbery. [ECF No. 1-2 at 2]. Petitioner's sentence was subsequently reduced to 30 years. [ECF No. 16-1 at 3]. Petitioner was released on parole on December 9, 1999, to be under supervision until his full term date of December 9, 2012. [ECF No. 16-2]. Petitioner alleges he was arrested in Florida on October 2, 2003, on state charges of robbery with a firearm, aggravated battery, assault, and resisting arrest. [ECF No. 1-2 at 3]. On November 19, 2003, Petitioner's probation officer forwarded a violation report to the United States Parole Commission ("Commission") notifying it of Petitioner's arrest. [ECF No. 16-3]. On December 1, 2003, the Commission issued a parole violator warrant alleging parole violations based on the pending Florida charges. [ECF No. 16-4]. Specifically, in the "Warrant Application & Warrant," the U.S. Marshals were instructed as followed:

> Please assume custody as soon as possible or when located.
>
> If the parolee is already in the custody of federal or state authorities, do not execute this warrant. Place a detainer and notify the Commission. Also, if a

---

16]. Accordingly, the undersigned denies Petitioner's motion for default judgment [ECF No. 19].

> criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence.
>
> If the prisoner is sentenced to a new Federal or State term of imprisonment, place the warrant as a detainer and indicate the institution designated for service of sentence.

*Id.* Petitioner states he was sentenced on March 3, 2004, to 10 years in the Florida Department of Corrections. [ECF No. 1-2 at 3]. Petitioner was released from the Florida Department of Corrections, and, on September 27, 2013, the U.S. Marshals executed the warrant and took Petitioner into federal custody. [ECF No. 16-6]. On October 29, 2013, the Commission supplemented Petitioner's warrant to reflect that he had been convicted and sentenced on the Florida charges and noted that a preliminary interview was not required. [ECF No. 16-7]. The Commission also found probable cause for the violations charged in the warrant based on the Florida convictions. [ECF No. 16-8]. An institutional revocation hearing was held on April 8, 2014, and the hearing examiner recommended that Petitioner's parole be revoked, with a reparole guideline range of 64–78 months. [ECF No. 16-14 at 3]. An executive reviewer found Petitioner was a more serious risk based on his criminal history and recommended that the Commission order him to continue in custody until the expiration date of his sentence. *Id.* On May 7, 2014, the Commission adopted the reviewer's recommendation and reasons, revoked Petitioner's parole, and ordered Petitioner "continue to expiration" or until the recalculated full-term date of the sentence, less good time. [ECF No. 16-15].

This is the third 28 U.S.C. § 2241 petition Petitioner has filed challenging the Commission's alleged failure to provide him with a timely parole revocation hearing.

Petitioner filed his first petition on January 22, 2014, in the Middle District of Florida. *Thomas v. Federal Parole Comm. and Isaac Fulwood, Jr.*, No. 2:13-cv-770-SPC-DNF (April 4, 2014) ("*Thomas I*").[4] In *Thomas I*, Petitioner claimed the Commission violated his due process rights when the Commission failed to provide a parole revocation hearing after the U.S. Marshals lodged a detainer on Petitioner in 2003. *Id.*, ECF No. 10. Petitioner also contended that his federal sentence expired on December 9, 2012. *Id.* In dismissing the petition, the *Thomas I* court found United States Supreme Court and Fifth Circuit Court of Appeals precedent foreclosed Petitioner's claim for relief. *Id.*, ECF No 14. The court noted that the delay in holding a revocation hearing did not violate due process because Petitioner was in custody on an intervening conviction when the warrant was issued and lodged. *Id.* The court found that a parolee only suffers a loss of liberty requiring a hearing once a warrant is executed and the parolee taken into custody. *Id.*

Petitioner filed a second § 2241 petition in this court on July 29, 2014. *See Thomas v. Fulwood*, C/A No. 1:14-3014-RMG (D.S.C. Oct. 1, 2014) ("*Thomas II*"). In *Thomas II*, Petitioner again argued his due process rights were violated because he did not promptly receive a revocation hearing after the detainer was lodged in 2003, and the Commission did not address his parole violation until he finished serving his state sentence. *Id.*, ECF No. 1. This court dismissed the petition, without prejudice, finding Petitioner did not have a constitutional right to a hearing until the warrant was executed.

---

[4] The court takes judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation omitted).

4

*Id.*, ECF No. 12. The court further found that Petitioner's parole violation in 2003 subjected Petitioner to the possibility of being returned to prison to serve his original sentence consecutively with the new sentence, and thereby voided the original 2012 parole termination date. *Id.* Petitioner appealed the denial of his petition, *id.*, ECF No. 15, and on December 19, 2014, the Fourth Circuit Court of Appeals affirmed the district court's order. *Id.*, ECF No. 20.

In the instant petition, Petitioner alleges that his due process rights were violated when the Commission did not address his parole violation until 10 years after the violation warrant was served. [ECF No. 1-2]. Petitioner further claims he did not receive a copy of his pending review or have an opportunity to submit a written application containing information relative to the disposition of the detainer. *Id.* Petitioner also argues the Commission lost jurisdiction over him on December 9, 2012, the date his parole expired. *Id.* Petitioner seeks immediate release. [ECF No. 1 at 9].

II. Discussion

A. Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a

movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see*, *e.g.*, *Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B. Analysis

Respondent contends the instant petition should be dismissed as a successive petition under 28 U.S.C. § 2244(a) or as an abuse of the writ. [ECF No. 16 at 10–16].

Respondent alleges Petitioner raises the same ground for relief in the instant petition that he raised in *Thomas I* and *II*—that his due process rights were violated when the Commission failed to hold a timely revocation hearing. *Id.* at 10. Respondent argues the courts uniformly found that (a) Petitioner was lawfully detained on state charges, (b) a loss of liberty did not occur until the warrant was executed and Petitioner was taken into custody, (c) a warrant could be held in abeyance for service of an intervening state sentence, and (d) Petitioner did not have a right to serve his federal and state sentences concurrently. *Id.* Respondent also claims the courts found that the right to a hearing is a statutory requirement, not a constitutional right, and therefore, the proper remedy, in the absence of prejudice or bad faith, is a writ of mandamus. *Id.* at 10–11.

Review of successive habeas petitions is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 2006. The AEDPA provides that:

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a Court of the United States if it appears that the legality of such detention has been determined by a judge of court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Applicable case law holds that § 2244(a) bars successive petitions under § 2241 directed to the same issue. *Gates v. Stansberry*, No. 07-1212, 2008 WL 2165998, at *3–4 (E.D. Va. May 23, 2008); *see also Chambers v. United States*, 106 F.3d 472, 475 (2nd Cir. 1997); *Simon v. United States*, 359 F.3d 139, 143, n.7 (2nd Cir. 2004); *Valona v. United States*, 138 F.3d 693, 695 (7th Cir. 1998); *Barapind v. Reno*, 225 F.3d

1100, 1111 (9th Cir. 2000); *Jackson v. Morris,* 8 F. App'x 890, 892 (10th Cir. 2001) (holding habeas petition raising issues that were expressly rejected on a prior petition was successive and those issues would not be considered, even though petitioner styled his arguments to raise different aspects of the issues).

Although Petitioner asserts some additional arguments in his present petition, he is still asserting the same underlying claim that he was entitled to an immediate revocation hearing in 2003 so that he could serve his federal sentence concurrently with his state sentence. Because the habeas claim raised in the instant petition was raised in Petitioner's previous § 2241 petitions, which were adjudicated on the merits,[5] this petition is a successive petition for writ of habeas corpus barred by § 2244(a) and should be dismissed. *See Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000); *Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 131 S. Ct. 1289 (2011); *Ray v. Simon*, No. 07-1143, 2008 WL 5412067, *9 (D.S.C. Dec. 24, 2008); *see also Singletary v. Dewalt*, No. 04-623, 2005 WL 1162940, *4 (E.D. Va. 2005).

Further, the court should dismiss, as an abuse of the writ, any additional claims Petitioner makes concerning the execution of his parole revocation warrant in 2003. Although Petitioner claims he did not have all the materials he has now and did not know how much *Moody v. Dagget*, 429 U.S. 78 (1976) supported him, *see* ECF No. 20 at 7–8,

---

[5] Although the order of dismissal in *Thomas II* was without prejudice, the court's dismissal was not for a technical or procedural reason, but on the merits of Petitioner's claim. *See Thomas v. Fulwood*, C/A No. 1:14-3014-RMG, ECF No. 12 (D.S.C. Oct. 1, 2014), *aff'd,* 588 F. App'x 243 (4th Cir. 2014).

8

Petitioner has not offered any evidence to establish that this information was not available at the time he filed his other petitions. *McCleskey v. Zant*, 499 U.S. 467, 489 (1991) (holding that prisoners can abuse the writ of habeas corpus by raising claims in a subsequent petition that they could have raised in the first); *Sanders v. United States*, 373 U.S. 1, 18 (1963) ("Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation . . . "). Petitioner fails to show cause and prejudice to excuse his failure to raise this claim in his other petitions. Petitioner's new claim does not rely on a new rule of constitutional law. Independently, the undersigned has reviewed the record before the court, and Petitioner has not offered any credible evidence to support his claim that the warrant was executed in 2003.[6] Accordingly, the undersigned does not consider this new claim. *See Schulp v. Delo*, 513 U.S. 298, 320 (1995) (finding a habeas court need not reach the merits of successive or abusive claims absent a showing of cause and prejudice); *Noble v. Barnett*, 24 F.3d 582, 585–88 (4th Cir. 1994).

---

[6] Petitioner cites to a statement by Commission Case Analyst Angela Cochran to support his contention that the warrant was executed by the U.S. Marshals service in 2003. [ECF No. 20 at 6–7]. Petitioner contends that Cochran stated Petitioner should receive guideline credit for the time spent in custody prior to execution of warrant, 10-2-2002 to 12-27-2013. [ECF Nos. 20 at 7; 20-1 at 5]. Petitioner argues Cochran's statement clearly states that the warrant was executed. [ECF No. 20 at 7]. The undersigned finds that Cochran's statement is insufficient to establish that Petitioner's warrant was executed in 2003.

III.   Conclusion

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment [ECF No. 16] be granted and the petition for writ of habeas corpus be denied and dismissed with prejudice.

IT IS SO RECOMMENDED.

*[Signature: Shiva V. Hodges]*

September 20, 2017  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).