IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raymond Thomas, #05447-050, | Case No 1:16-cv-3928 |
| Petitioner, | |
| v. | **ORDER AND OPINION** |
| Warden of FCI-Edgefield, | |
| Respondent. | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 23) recommending that this Court deny and dismiss Petitioner's habeas petition because it is a successive petition barred by 28 U.S.C. § 2244(a). For the reasons set forth below, this Court adopts the R. & R. as the order of the Court. Respondent's motion for summary judgment is granted, and the habeas petition is denied and dismissed with prejudice.

## I. Factual Summary

The Magistrate has thoroughly summarized the procedural history of Petitioner's criminal conviction and parole violation, so the Court need not do so again here. (Dkt. No. 23 at 1-5.) The Magistrate Judge explained that because the habeas claim raised in the instant petition was raised in Petitioner's previous § 2241 petitions, which were adjudicated on the merits, this petition is a successive petition for writ of habeas corpus barred by § 2244(a) and should be dismissed. (Dkt. No. 23 at 6-9.)

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v.*

*Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the R. & R. to which specific objection is made. Fed. R. Civ. P. 72(b)(2). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

### III. Discussion

Petitioner has filed timely objections to the Magistrate Judge's R. & R. (Dkt. No. 25.) These objections do not specifically address any legal or factual finding in the R. & R. Instead, Petitioner simply reargues the merits of his previous cases concerning the timeliness of his parole revocation hearing and ignores the Magistrate Judge's determination that his is a successive habeas petition.

As Petitioner has not specifically objected to the Magistrate Judge's analysis in the R. & R., the Court need only satisfy itself that the Magistrate Judge has made no clear error on the

face of the record. The Court finds no clear error in the Magistrate Judge's determination that Petitioner's habeas petition is successive so is barred by § 2244(a).

## IV. Conclusion

For the reasons set forth below, this Court adopts the R. & R. (Dkt. No. 23) as the order of the Court. Respondent's motion for summary judgment is granted, and the habeas petition is denied and dismissed with prejudice.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 6, 2017
Charleston, South Carolina